UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x 05-CIV-1316(DGT)(JMA)
FILMS BY JOVE, INC.,

        Plaintiff,

    vs.

RBC VIDEO, INC., YEVGENY RABINOVICH,
ALEXANDER RABINOVICH, VLADIMIR RABINOVICH
and RBC COMPUTERS, INC.,

        Defendants,
- - - - - - - - - - - - - - - - - -x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAR 24 2006 ★
BROOKLYN OFFICE

### PERMANENT INJUNCTION AND ORDER PURSUANT TO STIPULATION

The Court, having been informed that the plaintiff and the defendants have settled all claims between them and signed a Settlement Agreement which has been duly executed by FILMS BY JOVE, INC., ("Plaintiff") and RBC VIDEO, INC., YEVGENY RABINOVICH, ALEXANDER RABINOVICH, VLADIMIR RABINOVICH and RBC COMPUTERS, INC. ("Defendants") in the within action and good cause appearing therefore, hereby ORDERS that a permanent injunction and order shall be and is hereby entered in the within action as follows:

1. The caption in this action is hereby amended as set forth above.

2. Defendants, together with their agents, employees, and those acting in concert with them who have actual knowledge of this Permanent Injunction, are hereby permanently enjoined and restrained from doing any of the following with respect to Plaintiff's exclusive rights under copyright in the motion pictures

duly incorporated into the Settlement Agreement as Exhibit 1 (hereinafter referred to as "Plaintiff's Motion Pictures"):

(a) Manufacturing, copying or duplicating copies of Plaintiff's Motion Pictures, regardless of the medium in which such unauthorized copies may be fixed;

(b) engaging in the distribution to the public of unauthorized copies of Plaintiff's Motion Pictures, whether by sale or other distribution;

(c) engaging in the unauthorized public performance of plaintiff's Motion Pictures, whether by "streaming" over the internet or otherwise; or

(d) otherwise infringing plaintiff's exclusive rights to Plaintiff's Motion Pictures.

3. All claims alleged by Plaintiff and Defendants and all request for relief in this action are hereby dismissed with prejudice. This release does not extend to the third parties identified in Defendants' counterclaim; nor to any other third parties from whom Defendants have acquired copies of Plaintiff's Motion Pictures.

4. All unauthorized copies of Plaintiff's Motion Pictures that are currently, either in the possession of Point 360, Inc. or being held at the United States District Courthouse, E.D.N.Y., are forfeited by Defendants to Plaintiff and such copies shall be destroyed by Plaintiff by such means that Plaintiff deems appropriate.

2

5. The injunction bond posted by plaintiff may be cancelled, and the bonding company shall have no liability therefor.

6. Each side shall bear its own costs of suit incurred in the within action.

7. The Court shall retain jurisdiction of the within action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and/or enforce the provisions of this Permanent Injunction or the Settlement Agreement.

Dated: March 22, 2006
Brooklyn, New York

                                          s/David G. Trager
                                          United States District Judge